UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
DAVID F. PETRANO,
MARY KATHERINE DAY-PETRANO,

    Debtors.
_____/

DAVID FRANK PETRANO and
MARY KATHERINE DAY-PETRANO,

    Appellants,

v.                                          Case No. 8:21-cv-2736-TPB
                                           Bankr. No. 8:14-bk-3348-CPM

CHARLES D. HALL, ASTRID HALL,
CHEYENNE HALL, and RICHARD
FABIANI, II,

    Appellees.
_____/

**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER
DENYING DEBTORS' MOTION FOR SANCTIONS**

This matter is before the Court on the *pro se* appeal of the bankruptcy court's October 15, 2021, "Amended Order Denying Debtors' Motion for Sanctions" (Docs. 2-2; 2-427) filed by Appellants David F. Petrano and Mary Katherine Day-Petrano (the "Petranos"). The Petranos filed their initial brief on May 3, 2022, which the Court accepted as timely. (Docs. 7; 11). Appellees Charles D. Hall, Astrid Hall, Cheyenne Hall, and Richard Fabiani, II did not file a response brief. After reviewing the Petranos' brief, the court file, and the record, the Court finds as follows:

## Background

The Petranos run a horse farming business on property in Hawthorne, Florida.  They are debtors in jointly administered Chapter 13 proceedings filed in 2014.  Charles Hall, Astrid Hall, and Cheyenne Hall own land directly south, west, and north of the Petranos' property.  Richard Fabiani, II and his law firm Chandler Lang Haswell & Cole, P.A. represented the Halls in the bankruptcy proceedings and in other matters.

The Petranos allege that beginning in January 2018, the Halls, on the advice of Fabiani, entered on and took control of a disputed area of land between the Petranos' and the Halls' respective properties, tearing down and removing fencing erected by the Petranos.  The Petranos filed a motion for sanctions in the bankruptcy proceeding against the Halls, Fabiani, and others, seeking actual and punitive damages for violation of the automatic stay.  (Doc. 2-372).  The Petranos do not have title to the disputed land but asserted that they claimed the land by adverse possession.

On March 8, 2018, the bankruptcy court held a preliminary hearing to clarify and focus the issues.  (Doc. 2-382).  At the hearing, the Petranos abandoned their theory of adverse possession and instead argued they owned the disputed land under theories of "boundary by agreement" and "boundary by possession."  However, they did not offer any case law to support these new theories or their assertion that Fabiani or his law firm could be held liable for violating the automatic stay along with his clients.  The bankruptcy court therefore directed the Petranos to file a more definite statement of the claims in their motion, including

(1) facts and case law supporting their claim of entitlement to the disputed land and violation of the automatic stay by the Halls, with an explanation of how the facts fit the theories of "boundary by agreement" and "boundary by acquiescence," and (2) a detailed description of Fabiani's conduct and case law supporting their argument that the conduct violated the automatic stay.

The Petranos filed the "Jointly Administered Debtors' More Definite Statement" (Doc. 2-392) (the "first statement"). Appellees moved to strike the 56-page long first statement on the ground that – contrary to the bankruptcy court's stated goals of clarifying and focusing the issues – it injected new issues and immaterial allegations in a shotgun fashion, making it impossible for them to frame a response. (Doc. 2-393). The bankruptcy court granted the motion to strike but allowed the Petranos to file another statement. *See* (Doc. 2-2 at 2 & n.2). The Petranos then filed the "Jointly Administered Debtors' Definite Statement Debtors' Motion for Violation of the Automatic Stay" (Doc. 2-399) (the "second statement"). The second statement was shorter and more focused but failed to cite any case law supporting the relief requested, contrary to the bankruptcy court's express direction.

The bankruptcy court denied the motion for sanctions on March 19, 2021. (Doc. 2-422). The Petranos moved for reconsideration, and the bankruptcy court granted reconsideration and vacated its order. (Docs. 2-423; 2-425). On October 15, 2021, after considering the case law cited in the first statement and facts alleged in the second statement, the bankruptcy court entered an amended order denying the

motion for sanctions.  (Docs. 2-2; 2-427).  On November 22, 2021, the Petranos appealed.  (Doc. 1).

## Standard of Review

The district court functions as an appellate court when reviewing final judgments and certain interlocutory orders and decrees of a bankruptcy court.  *See In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994); 28 U.S.C. § 158(a).  A bankruptcy court's decision to impose sanctions is reviewed for abuse of discretion.  *Law Solutions of Chicago, LLC v. Corbett*, 971 F.3d 1299, 1304-05 (11th Cir. 2020) (citing *In re Hood*, 727 F.3d 1360, 1363 (11th Cir. 2013).  The same standard governs decisions declining to impose sanctions.  *See, e.g., In re Faye Foods, Inc.*, 766 F. App'x 204, 214 (6th Cir. 2019).  This standard is "extremely limited and highly deferential."  *Law Solutions of Chicago, LLC*, 971 F.3d at 1304 (citing *Maloof v. Level Propane Gasses, Inc.*, 316 F. App'x 373, 375 (11th Cir. 2008)).  "Such an abuse can occur only ['when the bankruptcy judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'"  *Id.* at 1304-05 (quoting *In re Beverly Mfg. Corp.*, 841 F.2d 365, 369 (11th Cir. 1988)).  This standard allows the bankruptcy court a range of choice, and its decision will not be disturbed unless it constitutes a clear error of judgment even if the reviewing court would have decided the matter differently if ruling *de novo*.  *Id.* at 1305.

## Analysis

In their appeal, the Petranos claim that Appellees violated the automatic stay by exercising control over the disputed land, by asserting an affirmative

defense of setoff in a state court proceeding brought by the Petranos, and by taking the Petranos' disability service dog and holding him captive for a period of time.

### *Exercise of Control Over the Disputed Land*

The Petranos' motion for sanctions argued that Appellees violated the automatic stay by exercising control over the disputed land. At a March 8, 2018, hearing, the Petranos asserted this land was property of the estate under theories of "boundary by agreement" and "boundary by acquiescence." However, their second statement alleged only that they had filed animal control complaints concerning intrusion on the disputed land by a herd of goats owned by Larry Reeves, the Halls' predecessor, and that Reeves had "acquiesced to Debtors by delivering [a] Quitclaim Deed to the Halls." The Petranos offered no explanation or supporting case law showing how delivery of a quitclaim deed by Reeves to the Halls constituted "acquiescence," or how these facts, if proven, would establish a "boundary by acquiescence." The second statement did not assert a theory of boundary by agreement.[1]

On appeal, the Petranos argue extensively that they need not show any entitlement or legal right to possession at all because their mere physical possession of the property by itself is sufficient to implicate the automatic stay. The Petranos, however, did not assert this theory in their second statement nor offer supporting

---

[1] As noted, the bankruptcy court considered the case law cited in the first statement. That filing cited *Euse v. Gibbs*, 49 So. 2d 843 (Fla. 1951), for the theory of boundary by agreement, which is not asserted in the second statement. On the concept of "boundary by acquiescence," the first statement cited no case law, and cited only § 95.13, *F.S.*, a statutory provision governing adverse possession – the theory they had expressly abandoned at the March 8, 2018, hearing.

case law as the bankruptcy court expressly directed.  Their first statement asserted only in passing that the legislative history of section 362 of the Bankruptcy Code "indicates that Congress intended the estate to include possessory interests."  This argument was offered with no explanation or supporting case authority.  Particularly in light of the bankruptcy court's clear instructions, and the different theory the Petranos relied on in the second statement, the passing and ambiguous reference to "possessory interests" was insufficient to preserve this argument.  *See, e.g., United States v. Pon*, 963 F.3d 1207, 1226 (11th Cir. 2020) (holding that issue mentioned only in passing was not preserved); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed waived.").  The Court accordingly rejects the Petranos' arguments for reversal related to Appellees' actions on the disputed land.[2]

### *Setoff as an Affirmative Defense*

The Petranos' second statement alleged Appellees violated the automatic stay by asserting an affirmative defense of setoff for amounts owed for services they rendered to the Petranos in a state court case filed by the Petranos in Alachua County, Florida (Case No. 2016-CA-2514).  Under Section 362 of the Bankruptcy Code, court approval is generally required before asserting setoff to a claim raised

---

[2] Some cases support the proposition that mere possession by the debtors is sufficient to implicate the automatic stay.  *See, e.g., In re McBride*, 473 B.R. 813, 819 (S.D. Ala. 2012).  Other cases, which the Court is inclined to think reflect the correct approach, require possession plus "at the very least" a colorable claim of right to possession.  *Id.*; *see also In re Castle Serv., LLC*, 560 B.R. 587, 591 (Bankr. D. Utah 2016) ("[I]f a party possesses real property without the consent of the titled owner or without some other legally cognizable claim thereto, it is likely the automatic stay would not apply.").

by the debtor, at least outside the bankruptcy case itself.  *See* 11 U.S.C. § 362(a)(7); *In re Nat'l Promoters & Services Inc.*, No. 12-01076 (ESL), 2020 WL 1685755, at *9 (Bankr. D.P.R. Apr. 6, 2020).  However, the bankruptcy court found that any technical violation of the stay "[did] not merit the imposition of sanctions" because, among other things, the second statement alleged only a technical and *de minimis* violation of the stay, and the statement did not allege any damages as a result of the filing of a setoff affirmative defense.  Declining to impose sanctions on these grounds was well within the bankruptcy court's discretion.  Therefore, the Court rejects this argument for reversal.

### *Taking of the Petranos' Dog*

The second statement alleged the Halls improperly took possession of the Petranos' disability service dog, Sailor, and mistreated him before the Halls' tenant allowed the dog to return to the Petranos a month later.  The bankruptcy court ruled the dog was not property of the estate because it was not listed in the bankruptcy schedules.  The Petranos argue that the dog was listed, pointing to schedule B, item 31 filed by Ms. Day-Petrano.  However, schedule B does not refer to "Sailor" or to a "disability service dog" as described in the second statement.  Instead, it refers to a "large watch dog from pound," and the Petranos offered no explanation how these very different descriptions could refer to the same dog.  The bankruptcy court therefore did not err in declining to impose sanctions on this ground.  As the bankruptcy court noted, however, the Petranos may have a remedy for this alleged misconduct in state court.  The Court rejects this argument for reversal.

*Other Arguments*

The Petranos argue on appeal that Appellees violated the automatic stay by obtaining "vexatious litigant orders" against the Petranos under §68.093, *F.S.* This contention was not included in the second statement nor was it ruled on by the bankruptcy court. Accordingly, it was not preserved for review.[3] The same is true for their arguments concerning constitutional violations and violations of the Americans with Disabilities Act. The remaining contentions in the initial brief do not merit further discussion.

The Petranos are proceeding *pro se* in the bankruptcy court and in this appeal, and Ms. Day-Petrano is autistic. Both factors have likely impacted the presentation of their allegations and arguments. *Pro se* pleadings are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). At the same time, *pro se* parties must conform with procedural rules and with court orders, and the Court does not have "license to serve as *de facto* counsel" on behalf of *pro se* litigants. *See United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019); *see also Plate v.*

---

[3] Given the rambling discussion of this issue in the initial brief, the argument on this point and its factual underpinnings are difficult to understand. The Court notes that the Petranos have been found to have pursued frivolous claims and sanctionable filings on more than one occasion. *See Petrano v. Labarga*, 709 F. App'x 590, 592-93 (11th Cir. 2017) ("Here, the plaintiffs have asserted incomprehensible and farfetched claims against each member of a state supreme court, supported only by vague and conclusory allegations that the justices retaliated against the plaintiffs for asserting their ADA rights."); *Petrano v. Old Republic Nat'l Title Ins. Co.*, 590 F. App'x 927, 928-30 (11th Cir. 2014) (affirming findings that the Petranos required the opposing party to respond to "repeated frivolous claims" and filed motions that were "devoid of merit, frivolous, and retaliatory and vexatious in nature"); *see also The Florida Bar v. Petrano*, SC14-2287, 2016 WL 715009, at *1 (Fla. Feb. 23, 2016) (disbarring David Petrano); *The Florida Bar v. Petrano*, 153 So. 3d 894, 894 (Fla. 2014) (noting David Petrano's "abusive filings in the Court regarding this ongoing case and other cases").

*Pinellas Cty.*, No. 8:18-cv-2534-T-36CPT, 2020 WL 1332148, at *2 (M.D. Fla. Mar. 23, 2020); *In re Vega*, 503 B.R. 144, 147 n.11 (Bankr. M.D. Fla. 2013). And it should be noted that Mr. Petrano is a former lawyer and would be expected to have a greater understanding of these matters than a typical *pro se* party.

The bankruptcy court gave the Petranos considerable leeway in pursuing their sanctions motion, including allowing multiple opportunities to state and explain their contentions in a way that would allow the defending parties to respond and the merits to be fairly adjudicated. In the end, they failed to do so. The bankruptcy court did not abuse its discretion when denying the motion for sanctions.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The bankruptcy court's "Amended Order Denying Debtors' Motion for Sanctions" (Docs. 2-2; 2-427) is **AFFIRMED**.

2. The Clerk is directed to transmit a copy of this Order to the bankruptcy court, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of March, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**